MICAH U. NORTON *versus* REUBEN KIDDER.

If the defendant, being cashier of a bank, receive, at the banking house, a certain sum of money from the plaintiff with instructions to appropriate it to the payment of a specific note signed by the latter, then undue; and he apply the same upon another note signed by the plaintiff, both of which are payable to said bank; and the plaintiff do not subsequently acquiesce in such application, the defendant will be personally liable in an action for money had and received to refund the sum thus received, with interest from the time when received.

And whether the defendant applied the money to his own use or to that of the bank is immaterial.

The facts do not constitute a voluntary or involuntary payment.

The refusal to give a requested instruction, sound as an abstract legal proposition, but inapplicable, is not open to exception.

ON EXCEPTIONS from *Nisi Prius.*

ASSUMPSIT for $250, for so much money had and received, with a specification of two hundred dollars and interest, delivered July 14, 1862, to the defendant, then cashier of the Bank of Somerset, with directions to appropriate the same to the payment of a note on four months, for that amount, dated April 19, 1862, and payable to said bank, which money the defendant refused and neglected to so appropriate.

It appeared in evidence that said bank held a note described as above, signed by one Greenleaf, as principal, and by the plaintiff and one Bartlett, as sureties; that, about July 14, 1862, the plaintiff sent by one Jenkins $200, which the latter delivered to the defendant at said bank, with written and oral instructions to apply it to the payment of said note; that the defendant received the money, saying "he was not in the habit of receiving money before it was due, except by agreement, but that he would receive it on a $1500 note, signed by the plaintiff, as surety, and then overdue, and, if any objection was made, he would make it right by paying back the money or applying it to the $200 note, if he (Jenkins) would call again;" that Jenkins called again, in about a week afterward, and asked for the $200 note or a return of the money, which latter statement the defendant denied.

It further appeared in evidence, that Greenleaf paid $100, September 10, 1862, which was duly indorsed upon the $200 note, and that, on Sept. 28, 1863, the plaintiff paid under protest the remainder ($106,96) due on the same, claiming at the same time that the $200 sent through Jenkins should have been applied as directed, and that he should sue for it; that the defendant denied ever having received the $200, saying, if the plaintiff could show it he was responsible for it. The defendant's counsel requested the presiding Judge to instruct the jury; —.

1. That, if they should be satisfied from the evidence that the defendant, in receiving and appropriating the $200,

claimed, acted as, and was the cashier of the Bank of Somerset; that this was known to the plaintiff at or before the time when he paid the balance of the $200 note; and that the defendant received to his own use or benefit no part of the $200 claimed, the plaintiff cannot recover, and their verdict should be for the defendant.

2. That if, when the plaintiff paid said balance, he understood the facts as they really were; and, if the $200 dollars sent to the bank in July, 1862, by Jenkins, should be regarded as payment of the $200 note, the payment of the balance, by the plaintiff, Sept., 1863, even if made under protest, and with the statement that he should sue the defendant for or on account of it, no legal grounds for an action would thereby be shown, and the plaintiff must fail.

3. That, if they should be satisfied, from the evidence, that the defendant did not receive said $200, or any part of it for himself, — that the same was received for said bank, and that the plaintiff knew the facts so to be when he paid said balance, this action could not be maintained, and the verdict should be for the defendant.

4. That each of the foregoing requested instructions should be given, if the jury should not be satisfied that plaintiff actually knew the facts, as supposed in the requests; provided, they should be satisfied from the evidence that he might have readily ascertained the facts by the exercise of ordinary care.

The presiding Judge, in order to give progress to the case, declined to give the requested instructions, but did instruct them : —

1. That, if the $200 were sent by the plaintiff with instructions to have the same applied to the payment of the $200 note, and the instructions were communicated to the defendant, and he applied the same on the $1500 note; and the defendant did not afterwards acquiesce in said application, their verdict should be for the plaintiff; and

2. In such case, the verdict should be for $200 with interest from the time when the defendant received it.

The verdict was for the plaintiff for $239,50, and the defendant alleged exceptions.

*J. S. Abbott,* for the defendant.

1. The defendant, in all he did, acted as the cashier of the bank, which was well known to the plaintiff. As soon as received, it was in the custody of the bank, and it was ever held by the bank. The bank, (if any party,) and not the defendant, is liable. Story on Agency, §§ 261–2–3–4, and authorities cited *infra.*

If the plaintiff is right in his position, the $200 note was paid and could not be subsequently collected. The legal proposition involved in the second requested instruction, is this : — A owes B a note which is in the hands of B's agent, C. A pays it to the agent, the latter having authority to receive it. The money is not indorsed, and C, afterwards calls on A in behalf of B, for payment of same. A has full knowledge of the facts, but pays it a second time under protest, and the funds are immediately placed by C, with the funds of his principal, B. Upon what principle can assumpsit for money had and received be maintained against C? A voluntary repayment of a debt, already known to be paid, cannot be recovered back in this form of action, whether paid under protest or not. *French* v. *Fuller*, 23 Pick., 108 ; *Forbes* v. *Appleton*, 5 Cush., 115 ; *Bacon* v. *Bacon*, 17 Pick., 134 ; *Brisbane* v. *Dacres*, 5 Taunt., 144 ; *E. Sudbury* v. *Sudbury*, 12 Pick., 5 ; *Boston & Sand Glass Co.* v. *Boston*, 4 Met., 187–8 ; *Brown* v. *McKinnally*, 1 Esp., 279 ; *Gilpatrick* v. *Sayward*, 5 Maine, 469 ; *Norton* v. *Marden*, 15 Maine, 46 ; *Norris* v. *Blethen*, 19 Maine, 348 ; *Weeks* v. *Thomas*, 21 Maine, 465.

3. If any action would lie against the defendant, it is not assumpsit, but only a special action on the case. Story on Agency, § 264 ; 1 Chitty's Plead., 358.

The rule of damages was erroneous. Plaintiff has only paid the balance of the $200 note, viz. ; $106,94, in consequence of the misappropriation of the $200, and hence should only recover that amount.

Norton *v.* Kidder.

The jury would have been justified in finding that the plaintiff was not damnified, inasmuch as the $200 was appropriated to his own debt.

*S. D. Lindsey,* for the plaintiff, cited *Foster & al.* v. *Essex Bank,* 17 Mass., 512; 2 Greenl. on Ev., § 119.

DANFORTH, J.—The verdict of the jury establishes the fact that the plaintiff sent to the defendant the sum of $200 for a special purpose, and that the defendant received the money, knowing the purpose for which it was sent, and immediately misapplied it. It is, however, contended that the action cannot be maintained, and certain instructions to this effect were requested. First, it is alleged that the defendant was cashier of the Bank of Somerset, and that, as such, he received the money for and in behalf of the bank. It will be noticed that this money was not sent to the defendant to be paid to the bank absolutely, but only on condition, which condition was not complied with; all of which was within the knowledge of the defendant. He therefore paid it into the bank without authority and in his own wrong. It was a misfeasance from the consequences of which, according to well settled principles of law, his agency cannot screen him. For which reason the first requested instruction was properly refused.

The second requested instruction may be good law, but is not applicable to this case. The $200 note, referred to, was not payable when the money was sent, and the defendant, as he had a right to do, refused to apply the money to its payment. In no sense, then, could the note be said to have been paid, and, if sued, the action could not have been successfully defended on that ground. Besides, the present suit was commenced to recover the money sent, and no claim is made for any part of the money paid on the note.

No question of voluntary, or involuntary payment is presented, and the second requested instruction was rightfully withheld.

The third requested instruction is similar to the first. The final payment of the $200 note is of no consequence, except as proof of the continued misappropriation of the money sent.

From these principles it necessarily follows that the instruction given is correct. The money was sent by the plaintiff to the defendant for a particular purpose, which purpose was communicated to him. He declined compliance with the request, and immediately applied it to another purpose. Whether defendant applied it to his own use or to that of another is immaterial, as, in either case, it is equally withheld from the plaintiff, to whom it belongs. Neither is he relieved by the fact that he paid a debt of the plaintiff with it, for without his (plaintiff's) assent, he had no more right to do this than to pay the debt of any other. In a legal view the plaintiff was damnified; for his money, to which he was entitled, immediately upon defendant's refusing to comply with his request as to its appropriation, has been withheld from him. The amount which he is entitled to recover, is the amount withheld and interest in accordance with the instruction.

*Exceptions overruled. — Judgment upon the verdict.*

